### SCHEURER v. UNITED STATES.

### No. 10865.

Circuit Court of Appeals, Ninth Circuit.

July 16, 1945.

B. G. Skulason, of Portland, Ore., for appellant.

Carl C. Donaugh, U. S. Atty., and William H. Hedlund, Sp. Asst. to U. S. Atty. both of Portland, Ore., for appellee.

Before GARRECHT and HEALY, Circuit Judges, and BOWEN, District Judge.

GARRECHT, Circuit Judge.

This is a proceeding under Section 338 of the Nationality Act of 1940, 8 U.S.C.A. § 738, 54 Stat. 1158,[1] for revocation of citizenship.

Appellant was born in Germany and migrated to this country in May, 1923. He filed his first papers in Nebraska a year after his arrival, and was admitted to citizenship in the United States District Court at Portland, Oregon, on July 19, 1934, after taking the usual oath of allegiance.

On July 8, 1942, the United States, ap-

---

[1] "§ 738. *Revocation of naturalization.*
"(a) It shall be the duty of the United States district attorneys for the respective districts, upon affidavit showing good cause therefor, to institute proceedings in any court specified in subsection (a) of section 701 in the judicial district in which the naturalized citizen may reside at the time of bringing suit, for the purpose of revoking and setting aside the order admitting such person to citizenship and canceling the certificate of naturalization on the ground of fraud or on the ground that such order and certificate of naturalization were illegally procured."

536

pellee herein, brought suit in the United States District Court for the District of Oregon to cancel the certificate of naturalization issued to appellant by that court on July 19, 1934, charging that the certificate was obtained through fraud and deception on the part of the appellant; that at the time of naturalization he did not truly and fully renounce his allegiance to Germany; that he falsely represented and concealed material facts and made a false oath of allegiance to the United States, and that at the time of his admission to citizenship and for a period of five years immediately preceding, appellant was not attached to the principles of the Constitution of the United States and was not well disposed to the good order and happiness of the United States.

The case was tried before District Judge James Alger Fee, without a jury. On the 15th day of April, 1944, Judge Fee entered a final judgment cancelling and revoking appellant's certificate of naturalization, vacating and setting aside the order admitting him to citizenship, and enjoining him from ever after using or enjoying any of the rights or privileges or benefits of citizenship in this country.

 On June 12, 1944, the Supreme Court decided the case of Baumgartner v. United States, 322 U.S. 665, 64 S.Ct. 1240, 1246, 88 L.Ed. 1525, in which it held "that the evidence as to Baumgartner's attitude *after* 1932 affords insufficient proof that in 1932 he had knowing reservations in forswearing his allegiance to the Weimar Republic and embracing allegiance to this country so as to warrant the infliction of the grave consequences involved in making an alien out of a man *ten years after he was admitted to citizenship*. The evidence in the record before us is not sufficiently compelling to require that we penalize a naturalized citizen for the expression of silly or even sinister-sounding views which native-born citizens utter with impunity." [Emphasis added.] That case, following the case of Schneiderman v. United States, 320 U.S. 118, 63 S.Ct. 1333, 87 L.Ed. 1796, formulated a rule of law governing all denaturalization proceedings —that the Government must prove its case by "clear, unequivocal, and convincing" evidence.

The case before us and the acts of infidelity charged are not too unlike those upon which the Supreme Court has spoken, supra, to warrant a surrender of that principle. In the light of those decisions, therefore, the judgment of the District Court is reversed.